IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MERCK SHARP & DOHME B.V., Plaintiff, | ) | |
| v. | ) | C.A. No. 13-2088 (GMS) |
| WARNER CHILCOTT COMPANY, LLC and WARNER CHILCOTT (US), LLC, Defendants. | ) | |

## [PROPOSED] SCHEDULING ORDER

This ___ day of ________________ 2014, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on **May 2, 2014**, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures.** The parties made their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on **April 30, 2014**.

2. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before **October 31, 2014**.

3. ***Markman* Claim Construction Hearing.** A *Markman* claim construction hearing shall be held on **February 25, 2015** at **9:30 a.m.** The *Markman* hearing is scheduled for a total of **3** hours with each side having **1.5** hours. On or before October 25, 2014, the parties shall exchange proposed claim constructions. The parties shall exchange proposed terms for claim construction **October 17, 2014**, and shall exchange proposed claim constructions on **October 24, 2015**. On or before **October 31, 2014**, the parties shall meet and confer regarding narrowing and

reducing the number of claim construction issues. On or before **November 13, 2014**, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The parties shall file opening claim construction briefs on **December 4, 2014** and answering claim construction briefs on **January 15, 2015**. Briefing will be presented pursuant to the court's Local Rules. The plaintiff shall submit to the court a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing on or before **January 22, 2014**. A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov.

4. **Discovery.** All fact discovery in this case shall be initiated so that it will be completed on or before **March 31, 2015**. Opening expert reports on issues on which a party bears the burden of proof shall be served on or before **June 2, 2015**. Rebuttal expert reports shall be served on or before **July 28, 2015**. Defendants' Reply Expert Reports (to the extent necessary to address secondary considerations of nonobviousness) shall be served on or before **August 18, 2015**. Expert Discovery in this case shall be initiated so that it will be completed on or before **October 2, 2015**.

a. **Discovery and Scheduling Matters.** Should counsel find they are unable to resolve a discovery[1] or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **Joint Letter Agenda,** which is **non-argumentative**, not to exceed two (2) pages outlining the issue(s) in dispute.

[1] Unless the court otherwise orders, should counsel be unable to agree on the discovery of paper and electronic documents, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information" ("ESI") shall govern.

A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER,** exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES.** The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

b. **Written Discovery Limits.** Interrogatories shall be limited to a total of 25 interrogatories for Plaintiff and 25 interrogatories for Defendants. Requests for admission shall be limited to a total of 50 requests for Plaintiff and 50 requests for Defendants, except that this limit shall not apply for requests for admission seeking information concerning the authenticity, business record status and/or admissibility of documents or things produced in discovery.

5. **Confidential Information and Papers filed under Seal.** Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

6. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The parties shall wait to be contacted by the assigned United States Magistrate Judge.

7. **Summary Judgment Motions.** No summary judgment motions shall be permitted in this bench trial.

8. **Case Dispositive Motions.** No case dispositive motions shall be permitted in this bench trial.

9. **Applications by Motion.** Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

10. **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

11. **Pretrial Conference.** On **December 2, 2015**, beginning at **10:00 a.m.**, the Court will hold a Pretrial Conference via telephone with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendant proposes to include in the proposed pretrial order. **Motions**

***in limine*[2]*:*** **NO MOTIONS *IN LIMINE* SHALL BE FILED;** instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day). The parties shall file with the court the **joint** Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov, on or before **November 19, 2015.**

12. **Trial.** This matter is scheduled for a **7** day bench trial beginning at 9:00 a.m. on **January 19, 2016**.

13. **Scheduling.** The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

______________________________________
CHIEF, UNITED STATES DISTRICT JUDGE

[2] The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List Of Evidentiary Issues It Intends To Raise."

**EXHIBIT A**

**PROPOSED DEADLINES**

| **Event** | **Deadline** |
| --- | --- |
| Initial Disclosures | April 30, 2014 |
| Exchange of proposed terms for claim construction | October 17, 2014 |
| Exchange of proposed claim constructions | October 24, 2014 |
| Parties to meet and confer to narrow claim construction issues | October 31, 2014 |
| Amending of Pleadings | October 31, 2014 |
| Joinder of Parties | October 31, 2014 |
| Final Joint Claim Construction Chart | November 13, 2014 |
| Opening Claim Construction briefs (simultaneous submission) | December 4, 2014 |
| Answering Claim Construction briefs (simultaneous submission) | January 15, 2015 |
| Joint Appendix with intrinsic evidence supporting claim construction positions due | January 22, 2015 |
| *Markman* hearing | February 25, 2015 |
| End of Fact Discovery | March 31, 2015 |
| Opening Expert Reports (issues where the party bears the burden of proof) | June 2, 2015 |
| Rebuttal Expert Reports | July 28, 2015 |
| Defendants’ Reply Expert Reports (to the extent necessary to address secondary considerations of nonobviousness) | August 18, 2015 |

| **Event** | **Deadline** |
|---|---|
| Expert Discovery Ends | October 2, 2015 |
| Plaintiff to provide draft pretrial order | October 20, 2015 |
| Pretrial Order | November 19, 2015 |
| Pretrial Conference (by telephone) | December 2, 2015 |
| Trial | January 19, 2016 |

8215033